In the United States District Court

for the District of Maryland

Baltimore Division

RECEIVED
IN THE CHAMBERS OF
MARVIN J. GARBIS

JAN 18 2018

UNITED STATES DISTRICT COURT

ROLANDO STOCKTON

      Petitioner

vs.

UNITED STATES OF AMERICA

      Respondent

)
)
)
)
)
)
)
)
)
)
)

Case No. MJG-99-0352

## RULE 60(b)(5) MOTION TO VACATE THE COURT'S JULY 5, 2012 ORDER

COMES NOW, the Petitioner Rolando Stokton, pursuant to Fed. R. Civ. P., Rule 60(b)(5) and respectfully moves the Court to vacate its July 5, 2012 Order denying Stockton's 28 U.S.C. §2255 Habeas Corpus Motion.

## I. STATEMENT OF THE RELIEF SOUGHT

The vacatur of the Court's July 5, 2012 Order denying Stockton's §2255 habeas motion; and for a resentencing hearing to be scheduled, where Stockton can be resentenced in a manner consistent with United States v. Davis, 720 F.3d 215 (4th Cir. 2013).

## II. THIS COURT HAS JURISDICTION TO GRANT PETITIONER THE HEREIN REQUESTED RELIEF

Jurisdiction is conferred upon this Court to not only entertain the instant Rule 60(b)(5)   Motion, but to also grant Petitioner the herein requested relief as decisively held by the U.S. Supreme Court:

> "Federal Rule of Civil Procedure 60(b)(5) permits a party to obtain relief from a judgment or order if, among other things, 'applying [the judgment or order] prospectively is no longer equitable. Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order **if** 'a significant **change** in factual conditions **or** in law' renders continued enforcement 'detrimental to the public interest.' <u>Rufo</u> v. <u>Inmates of Suffolk County Jail</u>, 502 U.S. 367, 384, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992). The party seeking relief bears the burden of establishing that changed circumstances warrant relief, id., at 383, 112 S.Ct. 748, 116 L.Ed.2d 867, but once a party carries this burden, a court abuses its discretion 'when it refuses' to award said relief 'in light of changes'. <u>Agostini</u> v. <u>Felton</u>, 521 U.S. 203, 215, 117 S.Ct. 1197, 138 L.Ed.2d 391 (1997)."

Horne  v.  Flores, 557 U.S. 433, 129 S.Ct. 2579, 2593, 174 L.Ed.2d 406 (2009) (emphasis added).

Additionally, "[i]t goes without saying that federal courts must vigilantly enforce federal law and must not hesitate in awarding necessary relief." Horne, 174 L.Ed.2d at 421 (emphasis added). Ergo, "up-to-date factual findings" [assessing the applicability of new changes in law] are quintessential in the analysis and determination of a Rule 60(b)(5) motion. Id. 433.

III. THE INSTANT RULE 60(b)(5)    MOTION IS NOT A SECOND OR SUCCESSIVE § 2255, BECAUSE IT DOES NOT SEEK TO ADD A NEW GROUND FOR RELIEF; NOR DOES IT ATTACK THIS COURT'S PREVIOUS RESOLUTION OF A CLAIM ON THE MERITS. INSTEAD THIS PLEADING CALLS INTO QUESTION THE <u>PRESENT</u> VALIDITY AND/OR INTEGRITY OF THE PROCEEDING ITSELF.

A Rule 60(b) Motion may not be used to circumvent the rule requiring that second or successive § 2255 petitions first receive authorization from the Court of Appeals. See <u>Post v. Bradshaw</u>, 422 F.3d 419, 423-24 (6th Cir. 2005). A Rule 60(b) Motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is in fact a second or successive petition for writ of habeas corpus. <u>Gonzales v. Crosby</u>, 545 U.S. 524, 532, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (emphasis added). "That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some <u>defect</u> in the integrity of the federal habeas proceedings." Id. at 532. (emphasis added).

In the case at bar, Petitioner is not attempting to add a new ground for relief, nor attack this Court's previous resolution of any habeas claim on the merits. Petitioner is essentially imploring the Court to consider the present validity and/or integrity of its  July 5, 2012  Order confirming Petitioner's status as a career offender in light of a newly retroactive change

4

in law - i.e., <u>United States v. Davis</u>, 720 F.3d 215 (4th Cir. 2013).

IV. ARGUMENT AND LAW

1.) Due To An Intervening Change In Law, [i.e., U.S. v. Davis, 720 F.3d 215 (4th Cir. 2013)], Applying The Court's July 5, 2012 Order Prospectively Is No Longer Equitable, And Should Thus Be Vacated, In The Interest Of Justice, As Provided For Under Rule 60(b)(5).

Ordinarily, a petitioner such as Stockton "will not be allowed to recast, under the guise of collateral attack, questions fully considered ... in his direct appeal." United States v. Linder, 552 F.3d 391, 397 (4th Cir. 2009) (quoting Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976)). However, a previously-litigated claim may be raised again in cases where there has been an intervening change in law since the previous decision. See the U.S. Supreme Court's decision in Davis v. United States, 417 U.S. 333, 342 (1974). In this particular instance, Stockton asserts the Fourth Circuit's decision in United States v. Davis, 720 F.3d 215 (4th Cir. 2013) represents such an intervening change in law.

In the present case, Stockton was incontrovertibly sentenced as a career offender based on one consolidated sentence. Several years later, the Fourth Circuit explicitly held that where a district court counted a "consolidated sentence" or a "consolidated judgment" as "at least two prior felony convictions and sentenced defendant as a career offender," the "district court erred in applying the career offender enhancement because [Appellant] had only one prior qualifying sentence, not two." Davis, 720 F.3d at 219-20 (emphasis added).

6

(See Attachment 1: Motion To Recall The Mandate, for a more in-depth description of Stockton's Factual And Procedural Background). See also <u>Johnson v. United States</u>, 1:13CV0725, 2015 U.S. Dist. LEXIS 31707 (M.D.N.C. March 16, 2015) (holding that "under the Fourth Circuit's holding in <u>United States v. Davis</u>, 720 F.3d 215 (4th Cir. 2013), Petitioner's career offender designation is a error").

Accordingly, the Court's July 5, 2012 Order denying Stockton's §2255 should be vacated and a resentencing hearing scheduled where Stockton can be resentenced absent the now erroneous, UNJUST, and illegal §4B1.1 enhancement.

CONCLUSION

THEREFORE, based on all the foregoing reasons, the instant Rule 60(b)(5) Motion should be GRANTED; and the requested relief awarded Stockton.

January 17, 2018                          Respectfully Submitted,
Petersburg, VA 23804

                                          *Rolando Stockton*
                                          Rolando Stockton

# CERTIFICATE OF SERVICE

I, _____Rolando Stockton_____ , hereby certify that I have served a

true and correct copy of the following:

RULE 60(b)(5) MOTION TO VACATE THE COURT'S JULY 5, 2012
ORDER

This ACTION is deemed filed at the time it was delivered to prison authorities for

forwarding, [see *Houston v. Lack*, 101 L.Ed.2d 245 (1988)], upon the defendant(s) or plaintiff(s)

and/or their attorney(s) of record, by placing said MOTION/PETITION(s) in a sealed, postage

pre-paid envelope addressed to:

Office Of The Clerk
United States District Court
101 W. Lombard St., Rm. 4415
Baltimore, MD 21201

U.S. Attorney's Office
6625 U.S. Courthouse, Ste. 820
101 W. Lombard Street
Baltimore, MD 21201

This LEGAL ACTION was deposited in the United States Mail at the FCC-Petersburg,

Legal Mail Room, located in  Petersburg, VA.  I declare, under penalty of perjury,

that the foregoing is true and correct, pursuant to *28 U.S.C. § 1746*.

EXECUTED and SIGNED on this 17 day of _____January_____ , 2017.


_Rolando Stockton_____

Petitioner/IN PRO PER
Reg. No.  33808-037

ATTACHMENT 1

Petitioner's Motion To Recall The Mandate

# United States Court Of Appeals

## For The Fourth Circuit

ROLANDO STOCKTON )
)
      Appellant )
)
vs. ) Appeal Nos. 02-4093
) 02-4139
)
)
UNITED STATES OF AMERICA )
)
      Appellee )
———————————————————— )

## MOTION TO RECALL THE MANDATE

COMES NOW, the Appellant and respectfully moves the Court to recall the mandate issued in this case due to extraordinary circumstances and to avoid injustice. See Calderon v. Thompson, 523 U.S. 538, 549-50 (1998); and Alphin v. Henson, 552 F.2d 1033, 1035 (4th Cir. 1977).

STATEMENT OF THE RELIEF SOUGHT

For the mandate to be recalled in this case where extraordinary circumstances warrant the recall to avoid or prevent further injustice against Appellant, in light of this Court's ruling in United States v. Davis, 720 F.3d 215 (4th Cir. 2013).

STANDARD OF REVIEW

Appellate courts have "inherent power" to recall their mandates. However, such power should only be exercised in extraordinary circumstances to avoid injustice. See Calderon v. Thompson, 523 U.S. 538, 549-50, 118 S. Ct. 1489, 140 L.Ed. 2d 728 (1998); and Alphin v. Henson, 552 F.2d 1033, 1035 (4th Cir. 1977). Thus, to succeed on a Motion to Recall Mandate, an Appellant must show the existence of both extraordinary circumstances and the need to avoid or prevent further injustice.

Additionally, to the best of Appellant's knowledge, this Court has never held that a Motion to Recall Mandate is subject to any time limit restraints. See United States v. Smith, 685 Fed. Appx. 270, 271-72 (4th Cir. 2017), where the Government argued that Appellant's Motion to Recall the Mandate was "untimely," but the Court did not explicitly address said issue. Instead, the Court held that recall of the mandate was "necessary to avoid injustice" and that Appellant had shown a "sufficiently extraordinary circumstance to warrant a recall of [the] mandate." Id. (emphasis added).

2

EXTRAORDINARY CIRCUMSTANCES WARRANTING RECALL OF THE
MANDATE TO AVOID INJUSTICE

1. At his sentencing hearing, presided over by the Honorable
   Marvin J. Garbis, the district court granted Stockton a
   downward departure based on an over-representation of his
   criminal history category pursuant to U.S.S.G. §4A1.3 (1998).
   This was due primarily to the fact that while Stockton had
   two [2] prior felony drug offenses, the offenses had been
   consolidated into one [1] judgment/sentence.

2. After initially arguing that the career offender enhancement
   should not apply at all because the predicate offenses should
   not count separately even though they had been previously
   consolidated into one sentence by the State Court, Stockton's
   defense counsel conceded that the predicate offenses should
   count separately, and subsequently requested the aforementioned
   downward departure. (See Exhibit 1).

3. In total, Stockton received a sentence of 330 months incarceration.
   Had the district court not departed, Stockton would have received
   a minimum sentence of 480 months. Stockton appealed. The
   Government cross-appealed.

4. The Government ultimately prevailed on appeal, as the Fourth
   Circuit not only affirmed Stockton's career offender status, but
   also held that the §4A1.3 downward departure was not appropriate
   due to Stockton's recidivism in controlled substance offenses
   (i.e., his two prior powder cocaine related drug offenses).
   Consequently, Stockton's conviction was affirmed, and his case
   was remanded to the district court for resentencing, with
   instructions to apply the full weight of the career offender
   classification. The district court had absolutely no recourse
   but to sentence Stockton to a term of imprisonment of 480 months.

See <u>United States v. Stockton</u>, 349 F.3d 755, 764-65 (4th Cir. 2003).


5. Several years later, the Fourth Circuit held that where a district court counted a "consolidated sentence" or a "consolidated judgment" as "at least two prior felony convictions and sentenced defendant as a career offender," the "district court erred in applying the career offender enhancement because [Appellant] had only <u>one</u> prior qualifying sentence, not <u>two</u>." <u>United States v. Davis</u>, 720 F.3d 215, 219-20 (4th Cir. 2013) (emphasis added).


6. Because this Court had previously affirmed Stockton's convictions on direct appellate review and reversed the district court's decision to depart downward based on an over-representation of his career offender classification; and remanded Stockton's case for resentencing with instructions to apply the career offender classification, in light of this Court's decision in <u>Davis</u>, the facts in this particular case constitute extraordinary circumstances of the kind that warrant the recall of this Court's mandate to avoid injustice. This is because, pursuant to <u>Davis</u>, Stockton, who has served nearly twenty [20] years in federal prison can no longer lawfully be deemed a career offender based on only one consolidated sentence. Ergo, to avoid and/or prevent further injustice (i.e., the perpetuation of a grossly illegal and lawfully unwarranted §4B1.1 enhanced sentence), the mandate issued in this case should be recalled, and Stockton remanded to the district court of Maryland with new instructions to be resentenced in a manner consistent with this Court's decision in <u>Davis</u>. See <u>United States v. Smith</u>, 685 Fed. Appx. 270, 271-72 (4th Cir. 2017) (where the Fourth Circuit Court of Appeals granted a Motion to Recall the Mandate, when presented with extraordinary circumstances that warranted relief to avoid and/or prevent further injustice, even in light of the Government's assertion that said motion was untimely).

4

CONCLUSION

THEREFORE, based on all the herein stated reasons, the foregoing Motion to Recall the Mandate should be GRANTED and the requested relief awarded Stockton.

I, the Appellant, Rolando Stockton, do hereby swear under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on December 27, 2017. [Pursuant to 28 U.S.C. §1746].

Respectfully Submitted,

_Rolando Stockton_

Rolando Stockton

# CERTIFICATE OF SERVICE

I, _____Rolando Stockton_____, hereby certify that I have served a true and correct copy of the following:

MOTION TO RECALL THE MANDATE

This ACTION is deemed filed at the time it was delivered to prison authorities for forwarding, [see *Houston v. Lack*, 101 L.Ed.2d 245 (1988)], upon the defendant(s) or plaintiff(s) and/or their attorney(s) of record, by placing said MOTION/PETITION(s) in a sealed, postage pre-paid envelope addressed to:

Office Of The Clerk
4th Circuit Court Of Appeals
1100 E. Main St., Ste. 501
Richmond, VA 23219-3525

U.S. Attorney's Office
6625 U.S. Courthouse, Ste. 820
101 W. Lombard Street
Baltimore, MD 21201

This LEGAL ACTION was deposited in the United States Mail at the FCC-Petersburg, Legal Mail Room, located in Petersburg, VA. I declare, under penalty of perjury, that the foregoing is true and correct, pursuant to *28 U.S.C. § 1746*.

EXECUTED and SIGNED on this 27 day of ___December___, 2017.

Petitioner/IN PRO PER
Reg. No. 33808-037

Rolando Stockton 33808-037
F.C.I Federal Correctional Institution
Petersburg (Low)
P.O Box 1000
Petersburg, Virginia 23804



Inspected by
Court Security Officer

JAN 1 8 REC'D

⇔33808-037⇔
Marvin J Garbis
101 W.Lombard Street
Baltimore, MD 21202-2691
, United States

Legal Mail

Legal Mail